LEE, Appellant, vs. THE CITY OF RACINE, Respondent.

*September 25 — October 13, 1885.*

*City charter: Contracts for work: Change: Validity.*

Under the charter of the city of Racine (Laws of 1876, ch. 313, tit. III, sec. 5) a contractor to do work for the city cannot recover for extra work which he is directed by the city engineer to do, unless a contract therefor is countersigned by the city comptroller.

APPEAL from the Circuit Court for *Racine* County.

The parties entered into a contract in writing, duly executed, by which the plaintiff agreed to excavate the earth and put in a certain sewer in and for the defendant city, in accordance with certain plans and specifications which are made a part of the contract. The city agreed to pay him a stipulated price therefor at the times and in the manner therein mentioned. The plans and specifications call for a sewer to be laid at certain inclinations or grades, starting at the water-level of Lake Michigan, and they give the required depth of excavation therefor. It turned out that there was a mistake in the surface grade as represented therein; and for several hundred feet it required from six inches to two feet excavation more than the plans and specifications called for in order to locate the sewer-pipe at the prescribed grade.

The plaintiff made the additional excavations, and laid the sewer according to the contract. Before doing so, how-

ever, he informed the city surveyor, who had charge of the work for the city, of the mistake, and told him that he could not do the additional work without extra charge. The surveyor replied: "I suppose so; you have got to go ahead."

The city paid the plaintiff the contract price for constructing the sewer, and $48 on account of such additional excavation, and refused to pay any more.

This action is to recover further compensation to the amount of $392 for such extra work. The above facts appearing on the trial, the court nonsuited the plaintiff, who appeals from a judgment against him for costs rendered accordingly.

For the appellant the cause was submitted on the brief of *Wyman & Roehr.* They contended that by the act of its agent, the engineer, who had abundant authority under the contract to direct the manner in which the work should be done, the city impliedly assented to the alteration of the contract in respect to the depth of the sewer, and was therefore liable. *Messenger v. Buffalo,* 21 N. Y. 196; *Hasbrouck v. Milwaukee,* 21 Wis. 237.

*Samuel Ritchie,* for the respondent, to the point that under its charter, the city cannot be held liable on implied contracts, cited *Dickinson v. Poughkeepsie,* 75 N. Y. 75; *Detroit v. Mich. Paving Co.* 36 Mich. 335; *Detroit v. Robinson,* 38 id. 108.

LYON, J. The charter of the city of Racine, in a section prescribing the powers and duties of the city comptroller, provides as follows: " He shall make, or cause to be made, estimates of the expenses of any work to be done by the city, . . . and countersign all contracts entered into by the city, and unless they be so countersigned they shall have no validity; and no money shall be drawn from the city treasury for work done on any contract before it was

countersigned by him." Laws of 1876, p. 724, ch. 313, tit. III, sec. 5.

The plaintiff claims compensation for work done by him for the city under a contract, but he shows no valid contract because he fails to produce one countersigned by the comptroller. If it be claimed that the original contract (which was duly countersigned) was changed so as to include the additional excavations, then, because the alleged change increased the cost of the work, the sanction of the comptroller was necessary to the validity of the new stipulations sought to be incorporated in the contract. If the contract was for extra work outside the original contract, there is no room to doubt or question that it is essential to its validity that it be so countersigned.

Under the above provisions neither the surveyor nor any other city officer can bind the city by a contract for work, unless the contract is countersigned by the city comptroller; and the record shows no contract, so countersigned, for doing the work in question. The nonsuit was properly ordered. None of the cases cited hold otherwise, as we understand them, and, did they so hold, we could not follow them. The charter provision is imperative. It must be complied with or the city is not bound.

*By the Court.*— Judgment affirmed.